**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6820**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

PATRICK SMITH, a/k/a Pee,

> Defendant - Appellant.

**No. 22-7020**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

PATRICK SMITH, a/k/a Pee,

> Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:18-cr-00017-ELH-1; 1:20-cv-02609-ELH)

Submitted:  October 27, 2023                          Decided:  May 14, 2024

Before RICHARDSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

No. 22-6820, dismissed; No. 22-7020, vacated and remanded with instructions by unpublished per curiam opinion.

———————————

Patrick Smith, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Patrick Smith seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 motion and denying his motion for recusal, denying his postjudgment motions to amend his § 2255 motion, and denying on the merits his Fed. R. Civ. P. 60(b) motion for relief from the court's prior order denying his § 2255 motion. The order denying relief on Smith's § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Smith's informal briefs, we conclude that Smith has not made the requisite showing. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Moreover, the claims Smith raised in his postjudgment motions to amend challenged the validity of his conviction, and, thus, the motions should have been construed

3

as successive § 2255 motions. *See Banister v. Davis*, 140 S. Ct. 1698, 1704-11 (2020). Similarly, Smith's allegation in his Rule 60(b) motion that an attorney representing him made a mistake in transcribing an affidavit that Smith previously submitted to the court in support of his § 2255 claims did not challenge a defect in the proceeding, "but in effect ask[ed] for a second chance to have the merits determined favorably." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005). Therefore, Smith's motion was not a true Rule 60(b) motion, but a successive § 2255 motion. *See id.* at 531-32; *see also United States v. McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015). Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Smith's successive § 2255 motions. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

Smith also challenges the district court judge's refusal to recuse. We review a district court judge's recusal decision for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017). Here, Smith's asserted grounds for recusal amounted to mere dissatisfaction with the district court's rulings, which is not a sufficient basis for recusal. *See Belue v. Leventhal*, 640 F.3d 567, 572-74 (4th Cir. 2011) (discussing valid bases for bias or partiality motion); *see also United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("The presiding judge is not ... required to recuse h[er]self simply because of unsupported, irrational or highly tenuous speculation." (internal quotation marks omitted)). The district court judge therefore did not abuse her discretion in declining Smith's request for recusal.

Accordingly, in No. 22-6820, we deny a certificate of appealability and dismiss Smith's appeal of the district court's orders denying relief on his § 2255 motion and

4

denying his motions to amend. In No. 22-7020, we vacate the district court's order denying Smith's Rule 60(b) motion and remand with instructions to dismiss for lack of subject matter jurisdiction.[*] *See Bixby v. Stirling*, 90 F.4th 140, 155 (4th Cir. 2024) (holding, when Rule 60(b) movant seeks "permission to raise new and revised claims in a second or successive" habeas motion, district court should "dismiss[]—not den[y]—the motion").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 22-6820, DISMISSED;*
*No. 22-7020, VACATED AND REMANDED*
*WITH INSTRUCTIONS*

---

[*] A certificate of appealability is not required to appeal the district court's order denying a Rule 60(b) motion that is in substance a successive § 2255 motion. *See McRae*, 793 F.3d at 400.